UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| IVAN M. SUZMAN, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| | ) Civil No. 05-192-P-S |
| v. | ) |
| | ) |
| ADOLPH CRISP, et al., | ) |
| | ) |
|     Defendants | ) |

**RECOMMENDED DECISION ON MOTION TO DISMISS**

Rayella Booton-Brown, who is pressing this motion to dismiss (Docket No. 8), is one of four defendants in this action brought by Ivan Suzman.[1] In his complaint[2] Suzman relates that he has advanced Young-Onset Parkinson's Disease and complains about the defendants' fraud and deceit apropos their 'care' of him after he sought Booton-Brown's help in the wake of a personal crisis. Booton-Brown argues that this court is not the proper venue for this action as the defendants are from Oklahoma (and Tennessee) and Oklahoma is the state in which a "substantial part of the events or omissions" occurred and where a substantial part of the property subject to the suit is located. She also asserts that the majority of the witnesses reside in the Northern District of Oklahoma. In the

---

[1] Booton-Brown at times seems to press her arguments for the benefit of other defendants but as a pro se party she cannot represent her co-defendants' interests.

[2] Suzman has also filed an amended complaint the propriety of which is not a concern apropos this motion to dismiss.

alternative to dismissal, Booton-Brown seeks a transfer of the action to the Northern District of Oklahoma.[3]  I now recommend that the Court deny the motion.

### *Summary of Relevant Complaint Allegations*

According to Suzman's allegations, he contacted Booton-Brown, a resident of Oklahoma,[4] by telephone on February 5, 2005, after he was assaulted by his personal care assistant.  In this conversation Booton-Brown seemed to be very sympathetic and consoled Suzman, telling him that she would fly to Maine the next day to begin caring for him personally and indicating that she was coming on a mission to rescue him. Apparently in this conversation, Booton-Brown indicated that there was only one way for that rescue to happen and it would require that Suzman sell his home and move to Tulsa, Oklahoma.  Reluctantly, Suzman acquiesced to Booton-Brown's offer to come and assist him and Booton-Brown arrived at Suzman's Portland, Maine home on February 6, 2005. Upon her arrival Booton-Brown convinced Suzman that God had told her to come to Maine to save him and that God had indicated that there were too many demons in Suzman's home so he needed to sell his home and go back to Oklahoma with her. Booton-Brown also insisted that all decisions about Suzman's future were to be made by her and Adolph Crisp (whom Suzman did not know), with limited input by Suzman. Among other things, Suzman alleges that Booton-Brown, in conspiracy with Crisp, convinced Suzman to fly Crisp and her son, Derik Brown (who I am guessing is Defendant William Brown) to come to Maine to assist with Suzman's care and asked

---

[3]     In her "points and authorities" section of her motion Booton-Brown argues only that this court lacks personal jurisdiction over the defendants, apparently conflating the notion of proper venue with personal jurisdiction.  With her bare-bones citation to <u>International Shoe v. Washington</u>, 326 U.S. 310 (1940) she has certainly not advanced a sufficient argument vis-à-vis a want of personal jurisdiction, especially given the Maine-based allegations made by Suzman in his complaint.

[4]     Apparently Booton-Brown and co-defendant William Brown also maintain a residence in Nashville, Tennessee.

Suzman to pay the air fairs.  On April 29, 2005, the four flew to Tulsa, Oklahoma.  Upon Suzman's arrival an entire's year rent was demanded by Crisp for a house owned by Crisp, yet even though Suzman paid the sum, he was not allowed to occupy it but was forced to sleep on Crisp's kitchen floor on a box spring, much to the detriment of Suzman's fragile health.

### *Discussion*

Suzman is clearly bringing this suit in federal court on the basis of diversity jurisdiction.  Section 1391(a) of title 28 provides:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

Suzman's allegations suggest that "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated" in Maine.  He also alleges that Booton-Brown actively insinuated herself into Suzman's Maine affairs apropos his physical well being and his Maine real estate. The sole fact that Booton-Brown, Crisp, and (apparently) Casa Agape Ministries, are residents of Tulsa, Oklahoma does not mean that this Court is an improper venue for this litigation.  In his objection to the motion to dismiss Suzman contends that sixty-six of the eighty-two witnesses live in the State of Maine and he attaches a witness list (Opp'n Mot. Dismiss Ex. 24); on this score Booton-Brown has only provided a conclusory

assertion that "a majority of the witnesses reside within the Northern District of Oklahoma." In my view Booton-Brown has not carried her burden sufficiently to warrant a transfer of this case or dismissal of the complaint on this basis.

## *Conclusion*

For the reasons sent forth above, I recommend that the Court **DENY** this motion.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

March 1, 2006.

/s/Margaret J. Kravchuk
U.S. Magistrate Judge