UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |  |
|---|---|---|
| IVAN M. SUZMAN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| | ) | Civil No. 05-192-P-S |
| v. | ) | |
| | ) | |
| ADOLPH CRISP, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON MOTION TO QUASH AND RECOMMENDED DECISION ON MOTION TO DISMISS BY DEFENDANT ADOLPH CRISP (DOCKET NO. 34)**

In his complaint Suzman relates that he has advanced Young-Onset Parkinson's Disease and complains of the defendants' fraud and deceit apropos their 'care' of him after he sought help in the wake of a personal crisis. Herein I address a single pleading by Adolph Crisp (Docket No. 34) which seeks an order quashing the "purported but insufficient process" and dismissing the complaint against him in view of the quashing of service. I also address Crisp's addendum to that motion.  (Docket No. 40.)

Crisp complains that the Process Receipt and Return of Service by the United States Marshal only is evidence that "a delivery of *something* was made, possibly at the Defendant's residence, on April 25, 2006, on about '1656 p.m.' (which presumably means 4:56 in the afternoon)."  (Crisp Mot. at 3.)  In support of his motion, Crisp has filed an affidavit completed by Connie Mattingly, his housekeeper.  (See Docket No. 35.)  In this affidavit Mattingly represents that Crisp was out of town on April 25, 2006, and that a United States Marshal (she presumes) delivered certain papers which she recalls to have

included an amended complaint along with certain other documents that were evidently exhibits in this case. (Mattingly Aff. ¶¶ 2-3.) Mattingly told the officer that she would deliver the papers to Mr. Crisp upon his return. (Id.) She represents that one document that was not delivered to her was anything that looked like the summons (Id. ¶ 4.), attached to her affidavit as Exhibit A and docketed at Docket No. 19.

It is evident from his own pleadings that Crisp received the amended complaint and that he now has a copy of the summons, whether through the electronic docket or by service by the United States Marshal. I **DENY** his motion to quash. I, therefore, also **RECOMMEND** that the court **DENY** his motion to dismiss.

In a separate memorandum and order I have denied Rayella Booton-Brown's motions to strike and motion for a more definite statement; recommended that the court deny her motion to dismiss for failure to state a claim; and granted her motion for an extension of time in which to file an answer. Crisp has filed a pleading amending this motion to adopt the substance of Booton-Brown's motion. (Docket No. 40.) I **DENY** Crisp's parasitical motions to strike and motion for a more definite statement and recommend that the court **DENY** his motion to dismiss for failure to state a claim. Based on my disposition of Booton-Brown's motion for an extension of time to file an answer, I **GRANT** Crisp until September 1, 2006, or 10 days following resolution of any objections to the recommended decisions, whichever is later, to file his answer.

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive

memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

July 12, 2006.

/s/Margaret J. Kravchuk
U.S. Magistrate Judge