# UNITED STATES DISTRICT COURT
### District of Maine

| | |
|---|---|
| **IVAN M. SUZMAN,** ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil No. 05-192-P-S |
| ) | |
| **ADOLPH CRISP, et al.,** ) | |
| ) | |
| Defendants ) | |
| ) | |

## ORDER REGARDING ORDER TO SHOW CAUSE

On July 12, 2006, the United States Magistrate Judge properly issued the Order to Show Cause Why This Case Should Not Be Dismissed Based on Lack of Subject Matter Jurisdiction (Docket # 52). On August 3, 2006, Plaintiff responded to the Order to Show Cause with two filings: (1) Plaintiff's Motion to Show Cause Why this Case Should Not Be Dismissed Based Upon Lack of Subject Matter Jurisdiction (Docket # 63) and (2) the Affidavit of Ivan M. Suzman (Docket # 64). On August 14, 2006, Defendants filed two documents: (1) Motion for Extension of Time to Respond to the Court's Orders and Plaintiff's Affidavit (Docket # 65) and (2) Defendants' Correction to Their Motion for Extension of Time to Respond to Court's Orders and Plaintiff's Affidavit (Docket # 66). In response to these filings, the Magistrate Judge entered an endorsement order giving Defendants until August 24, 2006 to file their pleading. No additional filing was made by Defendants by that deadline. Nonetheless, to the extent that Docket #s 64 & 65 contained "interim observations and comments," the Court has considered these filings, along with the entire record, in connection with resolving the Order to Show Cause.

Based on the Plaintiff's revised allegations regarding damages found in Docket # 64, the Court simply cannot conclude "to a legal certainty that that [Plaintiff's] claims [are] really for less than [$75,000]," the required minimum amount. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289 (1938). This conclusion is dictated by the addition of claims for the costs of securing new housing following Defendants' alleged breach of contract and fraudulent misrepresentation.

Notably, these new allegations found in the Affidavit of Ivan M. Suzman (Docket # 64) exceed the allegations found in the Amended Complaint (Docket # 14). Thus, in order to satisfy the

requirements for diversity jurisdiction, Plaintiff will need to again amend his complaint to include the allegations now found in the Affidavit of Ivan M. Suzman (Docket # 64).  Therefore, the Court hereby allows and orders Plaintiff to file a second amended complaint incorporating the allegations found in the Affidavit of Ivan M. Suzman (Docket # 64) on or before September 12, 2006.

Plaintiff is hereby put on notice that it will not provide any extensions to this deadline for amending the complaint to satisfy the amount in controversy requirement.

Upon receipt of a second amended complaint that incorporates the Affidavit of Ivan M. Suzman (Docket # 64) as directed, the Court will dismiss the Order to Show Cause.  However, the Court reserves the right to review the second amended complaint and determine whether Plaintiff's amended allegations satisfy the $75,000 amount in controversy requirement.  If upon review of the second amended complaint the Court finds to a legal certainty that Plaintiff's claims are for less than $75,000, the Court reserves the right to grant the Order to Show Cause and dismiss this matter.

Defendants need not file answers to the current Amended Complaint (Docket # 14).  Instead, Defendants may await the filing of a second amended complaint in accordance with this Order and the Court's  final ruling on the Order to Show Cause (Docket # 52).  Assuming the Court accepts a timely filed second amended complaint and dismisses the Order to Show Cause, the Court will then allow Defendants ten days from the date of that ruling to file their answers.

SO ORDERED.

/s/ George Z. Singal
Chief U.S. District Judge

Dated: August 29, 2006.