## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| IVAN M. SUZMAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Docket No. 2:05-CV-192-GZS |
| | ) | |
| ADOLPH CRISP, | ) | |
| *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER ON MOTION FOR DEFAULT

Before the Court is Plaintiff Ivan M. Suzman's Verified Motion for Entry of Judgment by Default Pursuant to F.R.C.P. 55(a) (Docket # 91). Defendants Adolph Crisp and Rayella Booton-Brown have objected to this Motion (Dockets # 95 & 101). Notably, however, Defendant Casa Agape Ministries has failed to respond to Plaintiff's Motion. For the reasons briefly stated below, the Court hereby DENIES the Motion with regard to Defendants Crisp and Booton-Brown and ORDERS that DEFAULT be entered as against Defendant Casa Agape Ministries.

The pending motion implicates Federal Rule of Civil Procedure 55(a), which provides that an entry of default may be entered "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by [the Federal Rules of Civil Procedure]." Fed. R. Civ. P. 55(a). "Entry of default is an interlocutory order – entered in anticipation of a final judgment – formally recognizing that a party 'has failed to plead or otherwise defend.'" United States v. $23,000 in United States Currency, 356 F.3d 157, 163 (1st Cir. 2004) (citing Fed. R. Civ. P. 55(a)). In deciding the motion, the Court is also guided by the general philosophy that "if at all possible, actions should be decided on their merits." Snyder v. Talbot, 836 F. Supp. 26, 29 (D. Me 1993) (citing Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989)).

In the present case, both Crisp and Booton-Brown have plead and defended against the present action by answering the Second Amended Complaint (Docket #s 72, 74 & 75) and objecting to the present Motion (Docket #s 95 & 101).  Given the preference to decide actions on their  merits and the  admittedly minimal and belated actions of  Defendants Crisp and Booton-Brown, the Court hereby DENIES the Motion for default against Crisp and Booton-Brown.

Defendant Casa Agape Ministries has failed to answer the Second Amended Complaint (Docket # 72) or to respond to the present Motion.  Further, Casa Agape Ministries has failed to perfect its appearance through the appearance of counsel at any point in this litigation.  Therefore, entry of default as to Casa Agape Ministries is appropriate in accordance with Federal Rule of Civil Procedure 55(a).

At this point, however, an entry of default judgment in accordance with Rule 55(b)(2), with regard to any party, is not appropriate.  Rule 55(b)(2) provides that an entry of default judgment may be entered where a party is otherwise entitled and the amount of damages are certain.  Where, as here, the amount of damages are not certain, "the court may conduct such hearings or order such references as it deems necessary and proper."  Rule 55(b)(2).  A damages hearing is set for March 20, 2007.  Plaintiff shall notify Defendant Casa Agape Ministries in accordance with Rule 55(b)(2).

Therefore, the Court ORDERS that the Clerk shall enter Defendant Casa Agape Ministries's Default.  All parties are hereby notified that the Court will conduct the damages hearing in this matter simultaneously with the bench trial previously scheduled for March 20, 2007.  Plaintiff is free to renew his request for default if either Defendant Crisp or Defendant Booton-Brown fails to appear for trial.

**SO ORDERED.**

/s/ George Z. Singal
Chief United States District Judge

Dated at Portland, Maine, this 6th day of March, 2007.